733 F.2d 575
 Albert R. WRIGHT, Appellant,
v.
United States Representative Beryl ANTHONY; U.S. House of
Representatives' Committee on Energy and Commerce, and
Subcommittee on Health and the Environment; U.S. Social
Security Administration; U.S. Health Care Financing
Administration; State of Arkansas; State Department of
Human Services, Social Services Division, Office of
Long-Term Care; State Office on Aging; State's Attorney
General, Medicaid Fraud Division; Arkansas Chapter,
National Association of Social Workers, Appellees.
 No. 83-2108.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 26, 1984.
Decided May 7, 1984.
 
 Steven R. Ross, Gen. Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for Congressional appellees.
 John Wesley Hall, Jr., Little Rock, Ark., for appellant.
 Steve Clark, Atty. Gen., E. Jeffery Story, Asst. Atty. Gen., Little Rock, Ark., for appellees State of Ark., State Dept. of Human Services, Social Services Div., Office of Long-Term Care, State Office on Aging, State's Atty. Gen. and Medicaid Fraud Div.
 Laser, Sharp & Huckabay, P.A., Little Rock, Ark., for appellee Arkansas Chapter, Nat. Ass'n of Social Workers.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Albert R. Wright appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted. Wright sued Congressman Anthony, among others,[1] alleging that Congressman Anthony violated Wright's first amendment rights. We affirm the judgment of the district court.[2]
 
 
 2
 This dispute arose when Congressman Anthony held a public hearing on the issue of Social Security reform at the Garland County Courthouse in Arkansas. Prospective speakers at the hearing were given notice that they were informally limited to five minutes in their presentations. Wright appeared at the hearing and began to read his prepared text. He got as far as page four of seven pages when Congressman Anthony interrupted and ended his testimony. Wright alleges that this action violated his first amendment right to freedom of speech and demands declaratory relief and an apology from Congressman Anthony.
 
 
 3
 Reasonable time, place and manner restrictions on the exercise of first amendment rights are not repugnant to the Constitution. See, e.g., Heffron v. Int'l Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647, 101 S.Ct. 2559, 2563, 69 L.Ed.2d 298 (1981). Wright was not prevented from introducing all of his prepared text into the written record; he was merely prevented from reading all of it aloud. Even construing the allegations of the complaint most favorably to Wright, there is no indication that Congressman Anthony's action was precipitated by the content of Wright's message. Moreover, the restriction may be said to have served a significant governmental interest in conserving time and in ensuring that others had an opportunity to speak. Thus, it does not appear that the limitation placed on Wright's speech was unreasonable.[3]
 
 
 4
 The only other issue remaining on appeal is the propriety of the district court's dismissal with prejudice as to the other defendants. Wright now concedes that dismissal was proper as to these parties but contends that the court erred in dismissing the action "with prejudice." Wright asserts that his purpose in seeking a dismissal without prejudice is to avoid the potential res judicata and collateral estoppel effects of the district court's judgment should he later develop a factual basis to refile.
 
 
 5
 We note that Wright did not contest the dismissal through a Rule 59(e) motion to alter or amend judgment in the district court. Thus, he appears to have waived his right to question on appeal the propriety of dismissal with prejudice. Nevertheless, we consider it briefly.
 
 
 6
 It is ... well established that the allegations of a complaint should be construed favorably to the pleader and the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.
 
 
 7
 Havas v. Thornton, 609 F.2d 372, 376 (9th Cir.1979) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Here, the complaint on its face shows that no cause of action can be stated against the defendants and that a dismissal with leave to amend would serve no useful purpose. Therefore, the district court clearly was acting within its discretion in dismissing the complaint with prejudice.
 
 
 8
 As indicated, the judgment of the district court should be, and is, affirmed.
 
 
 
 [1]
 Wright also sued two House Committees, the Social Security Administration, the State of Arkansas, several state agencies, and the Arkansas Chapter of the National Association of Social Workers
 
 
 [2]
 The Honorable Oren Harris, United States Senior District Judge, Eastern and Western Districts of Arkansas
 
 
 [3]
 We need not reach Congressman Anthony's other defenses, which include qualified official immunity and Speech and Debate Clause immunity