# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1978

_____

Rick Lynn Stanton, also known     *
as Rickie Lynn Stanton,     *
    *
        Appellant,     *
    *
      v.     *    Appeal from the United States
    *    District Court for the Southern
Cindy L. Johnson, Deputy Clerk of     *    District of Iowa.
Court Ringgold County, Iowa; Clerk     *
of District Court, Ringgold County,     *       [UNPUBLISHED]
Iowa; Ringgold County Attorney,     *
Ringgold County, Iowa,     *
    *
        Appellees.     *

_____

Submitted: May 4, 2001

Filed: May 9, 2001
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

Rick Lynn Stanton appeals the district court's[1] dismissal with prejudice of his
civil rights action after the court granted defendants' motion to dismiss and motion for

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern
District of Iowa.

summary judgment. Reviewing de novo, we agree with the district court that Mr. Stanton failed to state a claim and that the doctrines of sovereign and judicial immunity shielded defendants from liability. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver of Eleventh Amendment immunity, neither state nor its agencies may be subject to suit in federal court); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (official-capacity suit against state official is not suit against official but rather is suit against official's office; as such, suit is no different from one against state itself); Edelman v. Jordan, 415 U.S. 651, 666-68 (1974) (return of monies that were allegedly wrongfully withheld from public-assistance-benefits applicants could not be classified as prospective injunctive relief, as funds to satisfy award would inevitably come from state's general revenues; award was essentially indistinguishable from damage award against state); Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (standard of review); Boyer v. County of Washington, 971 F.2d 100, 102 (8th Cir. 1992) (per curiam) (clerk was entitled to absolute immunity for signing and issuing arrest warrant regardless of whether judge instructed her to do so because these acts are integral parts of criminal judicial process), cert. denied, 508 U.S. 974 (1993).

Turning to Mr. Stanton's other arguments on appeal, we find no error in the district court's dismissal of the complaint without granting leave to amend: nothing in the record suggests Mr. Stanton ever attempted to amend it. Contrary to his suggestion, no claim for an accounting appeared in his complaint, nor was any state law claim clearly alleged. See Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994) (Fed. R. Civ. P. 8(a)(2) requires complaint include short and plain statement of claim that gives fair notice of plaintiff's claim and grounds for relief). Finally, we conclude dismissal with prejudice was proper. See Wright v. Anthony, 733 F.2d 575, 577 (8th Cir. 1984).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.