[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14262
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-01295-CV-ORL-31KRS

CLARENCE ROWE,

Plaintiff-Appellant,

versus

CITY OF COCOA, FLORIDA,
JUDY PARRISH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 28, 2004)

Before TJOFLAT, MARCUS and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal of the denial of a facial challenge to a City of Cocoa, Florida regulation limiting the speech of non-residents during its City Council's meetings. Article X of City Council's Rules of Procedure, entitled "ADDRESSING THE COUNCIL," sets forth the following in relevant part:

> In its discretion, the council may set aside up to thirty minutes of each regular meeting for "delegations." The purpose of such delegations shall be *for any resident or taxpayer of the city* to make his/her views known to the city council upon any subject of general or public interest.
>
> * * *
>
> The council recognizes that delegations is for the purpose of legitimate inquiries and discussion by the public and *not for the purpose of advancing arguments or repetitious questions concerning matters which the council believes to be closed or not of general public concern.* The council shall have the right at any delegations to decline to hear any person or any subject matter upon proper motion and majority vote by the council.

(Emphasis supplied). Furthermore, by a majority vote, the Council "may decline to hear any person who is not a resident or taxpayer of the City" subject to certain exceptions, such as, for example, if a user of the city's water or sewer system wishes to be heard on a related matter.

This Court holds that the City Council's Rules of Procedure on their face are a permissible limitation of speech to non-residents at the limited public forum of a

2

City Council meeting and thus neither violates the First nor Fourteenth Amendments to the Constitution.

Plaintiff Clarence Rowe, a *non*-resident of Defendant City of Cocoa, regularly attended City of Cocoa Council meetings, speaking several times on matters of general interest and public concern. At two particular meetings held on April 23, 2002 and July 9, 2002, Mayor Judy Parrish invoked and applied the residency rule, limiting non-resident Rowe's comments during the public comment portion – i.e., " the delegations" – of the City Council's meeting to those relevant to, *inter alia*, the Council's agenda for that particular meeting.

Rowe ultimately brought this suit against the City and Mayor Parrish under 42 U.S.C. § 1983 for declaratory, injunctive and compensatory relief, alleging violations of his First Amendment rights to freedom of speech and expression, as well as a violation of his Fourteenth Amendment right to equal protection. In a well-reasoned order, the district court, *inter alia*, granted summary judgment to Parrish on all claims, and subsequently entered judgment in favor of *both* the City and Parrish.

Rowe appeals only the grant of summary judgment to the City. Specifically, he argues that the City's residency requirement for speakers during City Council meeting is overbroad on its face and therefore violates (1) his First Amendment rights of free speech and expression; and (2) his Fourteenth Amendment right to Equal

Protection by making an impermissible distinction between resident and non-resident classes.

The City Council's Rules of Procedure do not, on their face, violate the First Amendment. "The freedom of expression protected by the First Amendment is not inviolate; the Supreme Court has established that the First Amendment does not guarantee persons the right to communicate their views 'at all times or in any manner that may be desired.'" *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir. 1989) (quoting *Heffron v. International Soc'y for Krishna Consciousness*, 452 U.S. 640, 647 (1981)). This Court has held in *Jones* that a city commission meeting is one forum where speech may be restricted "to specified subject matter." *Jones*, 888 F.2d at 1332 (quoting *City of Madison, Join School Dist. v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167, 176 n.8 (1976)). Stated differently, city commission meetings are "limited" public fora – *i.e.*, "a forum for certain groups of speakers or for the discussion of certain subjects." *Crowder v. Housing Auth. of City of Atlanta*, 990 F.2d 586, 591 (11th Cir. 1993) (citing *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n.*, 460 U.S. 37, 46 n.7 (1983)). As such, "the government may restrict access to limited public fora by content-neutral conditions for the time, place, and manner of access, all of which must be narrowly tailored to serve a significant government interest." *Id.* (citing *Perry*, 460 U.S. at 45-46).

4

There is a significant governmental interest in conducting orderly, efficient meetings of public bodies. *Jones*, 888 F.2d at 1332. One recognized way to conduct orderly, efficient meetings under *Jones* is for public bodies, such as a city council, to confine their meetings to specified subject matter. *Id.* at 1333 (holding that the removal of a public speaker by the mayor at a city commission meeting was not a First Amendment violation and thus permissible because "to deny the presiding officer the authority to regulate irrelevant debate and disruptive behavior at a public meeting . . . would cause such meetings to drag on interminably, and deny others the opportunity to voice their opinions"); *see also Klindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 272 (9th Cir. 1995) ("Meetings of a public body do not become free-for-alls simply because the body goes beyond what a member of the public believes (even correctly) to be the body's proper purview."); *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984) (noting that restriction during public debate "may be said to have served a significant governmental interest in conserving time and in ensuring that others had an opportunity to speak").

Here, the City Council's Rules of Procedure set forth a structure intended to both hear members of the community and to move its meetings along. For example, the Council permits residents or taxpayers to speak during its delegation portion of the debate, limiting their speech to "legitimate inquiries and discussion by the public

5

and not for the purpose of advancing arguments or repetitious questions concerning matters which the council believes to be closed or not of general public concern." To permit repetitious questions and arguments not related to an agenda topic would be "to deny the presiding officer the authority to regulate irrelevant debate . . . at a public meeting . . . would cause such meetings to drag on interminably, and deny others the opportunity to voice their opinions." *Jones*, 888 F.2d at 1333. As a limited public forum, a city council meeting is not open for endless public commentary speech but instead is simply a limited platform to discuss the topic at hand. The rules on their face simply do not impermissibly restrict speech.

Rowe next argues that the City Council's Rules of Procedure on their face violate the Equal Protection Clause to the Fourteenth Amendment because they afford City of Cocoa residents more flexibility to speak at City Council meetings during the Delegations portion of the meetings than non-residents. This distinction does not violate that Equal Protection Clause.

"The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). City council meetings are held to conduct business meetings for the City and its residents. It is reasonable for a city restrict the individuals who may speak at meetings to those individuals who

6

have a direct stake in the business of the city – *e.g.*, citizens of the city or those who receive a utility service from the city– so long as that restriction is not based on the speaker's viewpoint.

A bona fide residency requirement, as we have here, does not restrict speech based on a speaker's *viewpoint* but instead restricts speech at meetings on the basis of residency. *See, e.g.*, *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 830 (1995) (noting permissible distinction between content-based discrimination in limited public fora and impermissible distinction of viewpoint discrimination); *see also Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 96 (1972) ("Selective exclusions from a public forum may not be based on content alone, and may not be justified by reference to content alone.").

As we have noted, there is a significant governmental interest in conducting orderly, efficient meetings that are limited to a specific subject matter germane to an agenda at hand. *Jones*, 888 F.2d at 1332. To permit non-residents, those without a direct stake in the outcome of a City's business, to ramble aimlessly at City Council meetings on topics not related to agenda items would be inefficient and would unreasonably usurp "the presiding officer the authority to regulate irrelevant debate . . . at a public meeting." *Id.* The restrictions in the challenged regulations are reasonable and viewpoint neutral.

7

Accordingly, we affirm the grant of summary judgment to the City.

**AFFIRMED**.