[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

No. 08-10629
Non-Argument Calendar

_____

D. C. Docket No. 06-81315-CV-JIC

ROBERT S. LEVIN,

Plaintiff-Appellant,

versus

CITY OF PALM BEACH GARDENS CITY ATTORNEY'S OFFICE
by and through Christine
Tatum, City Attorney, et al.,

Defendants,

CITY OF PALM BEACH GARDENS,
by and through Joseph Russo Mayor,
CHARLOTTE PRESENSKY,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 18, 2008)**

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Robert S. Levin, proceeding pro se, appeals the district court's orders (1) denying Levin's claim that the City of Palm Beach Gardens's (the "City") vendor classifications for the "'Taste of the Gardens' GreenMarket" (the "Market") were facially discriminatory, and (2) granting the City's motion for judgment as a matter of law, per Federal Rule of Civil Procedure 50, as to Levin's claim that the City applied the classifications for purposes of discriminating against him. Levin filed a pro se 42 U.S.C. § 1983 complaint against the City alleging violations of the Fourteenth Amendment's Equal Protection Clause.[1] Levin claimed that the City unconstitutionally limited the access of certain businesses to the Market, which was held every Sunday from mid-October through mid-April. The mission statement for the 2006-07 Market, as set forth in the operations manual, provided that:

> The "Taste of the Gardens" is a:
>    Farmer's Market, Art, Entertainment & Food public event.
> This is accomplished by providing fresh, locally-grown produce to the community and encouraging the promotion of the agricultural industry along with providing to the public an informal, social gathering place

---

[1] Levin also filed equal protection claims against Charlotte Presenksy, the City's Recreation Director, and Christine Tatum, an attorney for the City. However, the district court granted the individual defendants' motions to dismiss the complaint, and Levin raises no issue on appeal with regard to his claims against them.

in an open-air setting which promotes a sense of community and stimulates interaction amoung neighbors in the northern palm beach county [sic] area. The market is intended to be a combination of a "green" shopping opportunity and a cultural event.

An independent contractor, Tonianne Wyner, produced the Market and was responsible for independently securing vendors. According to the operations manual, vendors were classified as either "Agriculture" or "Non-Agriculture." The "Agriculture" classification was divided into the categories of "Grower" and "General Agricultural Vendor," and the "Non-Agriculture" classification was divided into the categories of "Prepared Food Vendor," "Hand made Crafter," "Business/Exporter/Importer," and "Non-Profit Organization."

"Business/Exporter/Importer" vendors were defined as "those who provide a good or service to the public that are not hand made crafts, agricultural products, or prepared foods." Such vendors were deemed "not essential to the mission of the Market and . . . only allowed to enhance the experience of the patrons who attend the market and to promote local businesses on a limited bases [sic]." They were also required to "[h]old a City of Palm Beach Gardens occupational license or be a current business member of the Northern Palm Beach County Chamber of Commerce." Booth space for "Business/Exporter/Importer" vendors was available only on the first Sunday of the month and on certain "Special Event Days." Levin's business consisted of purchasing trinket boxes wholesale and selling them

retail, and he was classified as a "Business/Exporter/Importer" vendor. He acknowledged that he was properly classified and never applied for a different vendor category.

At summary judgment, the district court found as a matter of law that the vendor classifications were facially valid because they were rationally related to the goals of the Market, as set forth in the mission statement. A trial was held on Levin's remaining claim that the City applied the facially neutral classifications in a discriminatory manner. At trial, a vendor named Daniel Storey testified that he bought garden-related items commercially and resold them at the Market. Wyner testified that Storey was classified as a "General Agricultural Vendor" based on the nature of his products, although she acknowledged that he did not fit neatly into any of the categories. At the conclusion of Levin's case, the district court granted the City's judgment for a matter of law as to Levin's unequal application claim.

## I. FACIAL CHALLENGE

On appeal, Levin argues that the City's sub-classifications of vendors are not rationally related to the purpose of the Market, because none of the "Non-Agriculture" vendors promote locally grown produce or the agriculture industry. Moreover, he contends that the City has irrationally discriminated against the "Business/Exporter/Importer" vendors by limiting their access to the Market.

4

Further, he asserts that the City defended the classifications in the district court by arguing that the promotion of home-grown business was a legitimate government objective, but that such goal was not articulated in the mission statement.

We review a district court order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-moving party. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Wilson v. B/E/ Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed.R.Civ.P. 56(c)). Moreover, "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir.), cert. denied, 2008 WL 4360601 (2008).

The Fourteenth Amendment proclaims that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner." Gary v. City of Warner Robins, Ga., 311 F.3d 1334, 1337 (11th Cir. 2002). "The Equal Protection Clause does not forbid classifications." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 2331

5

(1992). "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." Id. Levin does not argue that his claim warrants heightened review, thus, we review this claim under the "rational basis" standard.

"The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose – a goal – which the enacting government body could have been pursuing." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (emphasis in original). "The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." Id. at 922. "On rational-basis review, a classification in a statute... comes to us bearing a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 314-15, 113 S. Ct. 2096, 2101-02 (1993) (citations omitted).

Upon review of the record and the parties' briefs, we conclude that the district court did not err in finding that the City's vendor classifications were

rationally related to a legitimate government interest. Appellant's argument is based on his claim that the only valid governmental interest in running the Market is the promotion of local growers and agriculture. However, the Market's mission statement for 2006-2007, the first Market season which used the vendor sub-categories that Appellant challenges, sets forth a legitimate municipal objective of providing a "'green' shopping opportunity and a cultural event" for the northern Palm Beach County area. The City could rationally have concluded that "Business/Exporter/Importer" vendors were not "essential to the mission of the Market," and that limiting their presence to certain special market days would help create the type of shopping opportunity and cultural event the City desired to provide to the area. As a result, we affirm the district court's finding that the vendor classifications passed rational basis review.

## II. AS APPLIED CHALLENGE

Next, Levin argues that the court erred in granting the City's motion for judgment as a matter of law. He contends that the court erred in finding no evidence that the City applied the vendor classifications for purposes of discriminating against him, because he showed that Storey was placed in a less restrictive classification but operated a similar business. Moreover, Levin argues that the court provided no support for either its finding that the classification of

7

Storey was at most a mere error or mistake in judgment or its conclusion that there was a rational basis for classifying Storey as a "General Agricultural Vendor."

We review the grant of a Rule 50 motion for judgment as a matter of law <u>de novo</u>, applying the same standards as the district court. <u>Abel v. Dubberly</u>, 210 F.3d 1334, 1337 (11th Cir. 2000). Judgment as a matter of law is warranted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed.R.Civ.P. 50(a)(1). "Although we look at the evidence in the light most favorable to the non-moving party, the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." <u>Abel</u>, 210 F.3d at 1337.

"It is well settled that unequal application of a facially neutral statute may violate the Equal Protection Clause." <u>Strickland v. Alderman</u>, 74 F.3d 260, 264 (11th Cir. 1996). To prevail on such a claim, the plaintiff must establish that: "(1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." <u>Id.</u> "Mere error or mistake in judgment when applying a facially neutral statute does not violate the equal protection clause. There must be intentional discrimination." <u>E & T Realty v. Strickland</u>, 830 F.2d

8

1107, 1114 (11th Cir. 1987).

The Supreme Court has also recognized a "class of one" equal protection claim, "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074 (2000). We have subsequently indicated that under a "class of one" analysis, a plaintiff must nevertheless show that the defendant treated the plaintiff differently than a similarly situated individual for the purpose of discriminating against the plaintiff. See Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1045 (11th Cir. 2008) (citing Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006)).

Upon review of the record and the parties' briefs, we conclude that the court did not err in granting the City's motion for judgment as a matter of law. The evidence demonstrated that Storey was similar to Levin in that they both resold products that they bought elsewhere, and that Storey was classified differently as a "General Agricultural Vendor." However, the reason that Storey was classified as such was because he sold goods that were related to gardening, and he did not fall neatly into any of the categories. Accordingly, the district court correctly found that Levin demonstrated at most, if at all, a mistaken application of the vendor

9

classifications, which "does not violate the equal protection clause." E & T Realty, 830 F.2d at 1114. Stated differently, the City articulated a rational basis for its actions. Wyner considered Storey to be a "General Agricultural Vendor" because he sold products that promoted gardening and agriculture. Levin, on the other hand, sold trinket boxes, and he nowhere claims that his goods had anything to do with gardening or agriculture. As a result, we also affirm the grant of the City's motion for judgment as a matter of law.[2]

**AFFIRMED.**

---

[2] The Appellee's motion to strike the Appellant's appendices of record excerpts and the Appellant's motion for leave to file additional record excerpts are DENIED AS MOOT.