[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11412
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cv-00620-RH-CAS

RONALD DAVID JONES,

Plaintiff-Appellant,

versus

CATHARINE ROBINSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 8, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Jones, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this

civil-rights action under 42 U.S.C. § 1983 against Catharine Robinson, the

Customer Service Director with the City of Quincy's Utilities Department in Quincy, Florida. Jones broadly claimed that Robinson retaliated against him and violated his civil rights.

In his complaint, Jones alleged that, on May 18, 2015, Robinson ordered Jones's utilities to be shut off for failure to pay his bill, despite the fact that Jones informed Robinson that he was meeting that same day with a community group that would pay his bill.[1]  After his utilities were shut off, Jones met with the community group, and together they submitted the proper paperwork to have his utilities reconnected.

When they submitted the paperwork, Robinson told Jones that his utilities would be reconnected later that day.  However, Robinson called him a few hours later and told him that she needed something else from the community group and that it could take up to three days to have his utilities turned back on.  According to Jones, Robinson showed "nothing but resentment and hatred" towards him and acted as if she had a "personal grudge" against him.

A magistrate judge screened Jones's complaint and recommended that it be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Jones filed objections to the magistrate judge's

---

[1] In reviewing the grant of a motion to dismiss for failure to state a claim, we view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pled facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007).

2

recommendation, arguing that Robinson denied him both equal protection of the laws and due process under the Fourteenth Amendment. He asserted that Robinson enforced a facially neutral law in a discriminatory way. He also cited the First Amendment. Upon reviewing Jones's objections, the district court agreed with the magistrate judge that the complaint was deficient in that it failed to allege facts showing that Jones was entitled to relief under § 1983. The court also denied Jones leave to amend, finding amendment futile.

On appeal, Jones contends that he was retaliated against by Robinson and the City, in violation of the First Amendment, "because of his religious and political beliefs" and because he previously filed a civil-rights complaint against the City. And he again asserts that Robinson violated his equal-protection rights by enforcing a neutral law in a discriminatory way.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding that the standards for reviewing dismissals under Rule 12(b)(6), Fed. R. Civ. P., apply to dismissals under § 1915(e)(2)(B)(ii)). We likewise review *de novo* whether amendment of a complaint would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We liberally construe the filings of *pro se* litigants. *Hughes*, 350 F.3d at 1160. Despite the leniency accorded *pro se* litigants, however, courts may not serve as *de facto* counsel or rewrite deficient pleadings in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To survive dismissal for failure to state a claim, the factual allegations in the complaint, accepted as true, must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. For a claim to have facial plausibility, the well-pled facts in the complaint must be sufficient to permit the court to infer that "the defendant is liable for the misconduct alleged," which means that the plaintiff must show more than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Under § 1983, a plaintiff may sue state officials who, acting under color of state law, violate his or her constitutional rights. 42 U.S.C. § 1983. Liberally construing Jones's complaint, Jones pled two § 1983 claims: (1) a First Amendment retaliation claim; and (2) an equal-protection claim based upon the unequal application of a facially neutral statute. Jones's reference to his due-process rights does not appear to be intended as a stand-alone claim but rather part and parcel of his equal-protection claim.

4

To establish a First Amendment retaliation claim under § 1983, "the plaintiff must show 'first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech.'" *Keeton v. Anderson-Wiley*, 664 F.3d 865, 878 (11th Cir. 2011) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). The third prong requires a showing that the defendant's subjective motivation for the adverse action was the plaintiff's protected speech. *Id.*

As for Jones's equal-protection claim, "we have recognized any individual's right to be free from intentional discrimination at the hands of government officials." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313–14 (11th Cir. 2006). In general, the Equal Protection Clause is implicated whenever the government treats similarly situated persons unequally and there is no rational basis for doing so. *Id.* at 1314. To establish an equal-protection claim based on the application of a facially neutral law, the plaintiff must show the following: (1) that he was treated differently than similarly situated persons and (2) that the defendant applied the law unequally for the purpose of discriminating against him. *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).

Here, the district court properly dismissed Jones's complaint because his well-pled allegations, accepted as true, do not state a plausible claim that his

5

constitutional rights were violated.  First, Jones's allegations do not plausibly show that Robinson or anyone at the City retaliated against him for speech protected by the First Amendment.  Jones did not allege that he engaged in any protected conduct that triggered the alleged retaliation.  Rather, Jones's allegations reflect that his utilities were shut off because of an unpaid bill.  Once the bill was paid off by the community group, Jones's utilities were restored, albeit after a delay of some period, possibly up to three days.  Jones's allegations do not plausibly connect anything that he said with the decision to turn off his utilities, nor do they suggest that the delay was for an improper purpose.  *See Keeton*, 664 F.3d at 878.

Second, Jones has not adequately alleged a violation of his equal-protection rights.  Jones never denied that his utility bill was unpaid or that Robinson and the City, as a general matter, may disconnect the utilities of customers who have not paid their bill.  And his allegations do not present any basis to conclude that Robinson or the City treated him differently than any other customer who also had not paid his or her utility bill, or that the reason his utilities were shut off was to discriminate against him.  *See Strickland*, 74 F.3d at 264.  Jones's allegations that Robinson resented him and had a personal grudge toward him are not well-pled facts that we must accept as true, but rather are "naked assertions devoid of further factual enhancement," which are insufficient to avoid dismissal.  *See Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (alteration adopted).  Accordingly,

6

Jones has not stated a plausible equal-protection claim based on unequal enforcement of a facially neutral law.

Finally, the district court did not err in denying leave to amend on the basis of futility. In general, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding this rule inapplicable to counseled plaintiffs). But district courts need not grant leave to amend where amendment would be futile. *Cockrell*, 510 F.3d at 1310. Granting leave to amend would be futile if the complaint, as amended, is still subject to dismissal. *Id.*

The only indication of what Jones would allege in an amended complaint comes from two new allegations in his brief on appeal. In particular, Jones alleges that Robinson and the City retaliated against him because of his "religious and political beliefs" and because he previously filed a civil-rights complaint against the City. However, these vague and conclusory allegations, lacking any supporting specifics to show how they are connected with the allegations in his complaint, do not help to show why Robinson's decision to disconnect Jones's utilities was made for a reason other than his admittedly unpaid utility bill, or that the delay in

7

reconnecting Jones's utilities was attributable to some misconduct. Because Jones's new allegations give us no reason to believe that a more carefully drafted complaint might state a claim, the district court properly denied leave to amend based on the futility of amendment.

For the reasons stated, we affirm the dismissal of Jones's civil-rights action under § 1915(e)(2)(B)(ii).

**AFFIRMED.**