Denise CRYDER, Plaintiff,

James Michael Long, Plaintiff–Appellant,

v.

James OXENDINE, Individually and in his capacity as Chairman of the Georgia State Board of Workers' Compensation, Defendant–Appellee,

St. Paul Fire & Marine Insurance Company, Dianne Carter, Individually and in her capacity as senior claims adjuster for St. Paul Fire and Marine Insurance Co., Defendants,

NATLSCO, and Kemper Insurance Company, Defendants–Appellees.

No. 93–9267.

United States Court of Appeals, Eleventh Circuit.

June 29, 1994.

Laurence L. Christensen, Marietta, GA, Allan Leroy Parks, Jr., Harlan Stuart Miller, III, Kirwan, Goger, Chesin & Parks, C. Lawrence Jewett, Jr., Office of C. Lawrence Jewett, Atlanta, GA, for appellant.

Jeff L. Milsteen, Office of State Atty. Gen., Elaine Smith Newell, Atlanta, GA, for James Oxendine.

Sidney F. Wheeler, Stephen Holger Sparwath, Neal Henry Howard, Long, Weinberg, Ansley & Wheeler, Atlanta, GA, for St. Paul Fire & Marine and Dianne Carter.

Robert R. Potter, W. Allen Evans, Swift, Currie, McGhee & Hiers, Atlanta, GA, for NATLSCO and Kemper Ins. Co.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

Plaintiff James Michael Long appeals from the district court's dismissal of his 42 U.S.C. § 1983 action challenging the constitutionality of § 34–9–221(i) of the Georgia Workers' Compensation Act ("Act"), Ga.Code Ann. § 34–9–221(i) (Michie 1993). We agree with the district court that the challenged provision of the Act comports with the requirements of due process under the Fourteenth Amendment and therefore affirm.

## I. STATEMENT OF THE CASE

On July 15, 1991, while employed by defendant NATLSCO, James Michael Long injured his back setting up food displays in a Georgia grocery store. Nine days later, NATLSCO, through its insurance servicing agent, Kemper Insurance Company, began paying Long $225 per week in workers' compensation benefits. On February 19, 1992, NATLSCO and Kemper filed a notice with the Georgia State Board of Workers' Compensation ("Board") that Long's benefits were about to be terminated on the ground of full recovery. Along with the notice, NATLSCO and Kemper filed a supporting medical report prepared by Long's treating physician after his examination of Long on February 14, 1992. Additionally, NATLSCO and Kemper also provided ten days' notice to Long before discontinuing his benefits. Long's workers' compensation payments ceased on March 3, 1992, and Long sought immediate Board review of NATLSCO–Kemper's suspension of benefits.[1]

In October 1992, Long and another plaintiff, Denise Cryder,[2] brought an action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1993), alleging that the unilateral termination of their workers' compensation benefits pursuant to Ga.Code Ann. § 34–9–221(i) and Rule 221(i) without a prior hearing violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Cryder sued St. Paul Fire and Marine Insurance Company and one of its adjusters, Dianne Carter. Long sued NATLSCO and Kemper. Both plaintiffs sued James Oxendine in his capacity as Chairman of the State Board of Workers' Compensation.

In a September 1993 order, the district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the plaintiffs had failed to state a claim for either a procedural due process or an equal protection violation. Long filed a timely notice of appeal, challenging only the district court's dismissal of his due process claim. This Court reviews the district court's dismissal of Long's complaint *de novo*. A dismissal for failure to state a claim is erroneous " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir.1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). We have jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

Long contends that the Georgia Workers' Compensation Act violates the Due Process Clause. Specifically, he challenges § 34–9–221(i) and Board Rule 221(i) which

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Long contended that he continued to be disabled and was unable to return to work. An Administrative Law Judge later agreed with Long and awarded him full retroactive benefits.

2. Denise Cryder alleged a similar set of facts. Because she did not appeal from the district court's ruling, her case does not form any part of this appeal.

set out the conditions and methods by which an employer or insurer may terminate an employee's workers' compensation benefits without a prior hearing. He asserts that Georgia's required ten-day notice of the impending termination and its post-termination hearing procedures are constitutionally insufficient to satisfy the requirements of due process.

■ A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process. Although the appellees contend that Long failed to prove any of the three elements,[3] we assume, for the purposes of this appeal, the existence of both a protected property interest in workers' compensation benefits and state action. While we recognize the serious state action questions raised by Long's suit, we, like the district court, need not address or decide the issue because we find that the Georgia workers' compensation system provides all of the process constitutionally due a claimant.

■ Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 901–902, 47 L.Ed.2d 18 (1976). Long does not challenge the sufficiency of notice nor does he allege that the unilateral termination of his benefits was itself a "final deprivation" for as we discuss below, Georgia law provides for a post-termination hearing and retroactive remedies. Rather, he contends that due process requires a hearing before any deprivation of his property interest occurs. We cannot agree. Due process is a flexible concept that varies with the particular situation. The question before us is whether the Georgia system satisfies the fundamental requirement of due process by providing a claimant an opportunity to be heard " 'at a meaningful time and in a meaningful place.' " *Mathews,* 424 U.S. at 333, 96 S.Ct. at 902 (quoting

*Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). We believe it does.

Georgia law does not allow an employer or insurer to summarily terminate an employee's disability benefits for any reason it sees fit. Section 34–9–221(i) of the Georgia Workers' Compensation Act provides:

> Where compensation is being paid with or without an award and an employer or insurer elects to controvert on the grounds of a change in condition or newly discovered evidence, the employer shall, not later than ten days prior to the due date of the first omitted payment of income benefits, file with the board and the employee or beneficiary a notice to controvert the claim in the manner prescribed by the board.

Accompanying Board Rule 221(i) limits an employer's or insurer's authority to terminate an employee's benefits without a prior evidentiary hearing to instances where the injured employee has either returned to work without a reduction in compensation or where the employee's authorized treating physician releases the employee to normal work duty after determining full recovery. In either case, the employer or insurer must file a WC–2 form with the Board explaining the ground for terminating benefits and in the latter case, a statement by the employee's treating physician averring to the employee's full recovery must also be filed. Additionally, § 34–9–221(i) and Board Rule 221(i) require the employer or insurer to send a copy of the filed WC–2 form and accompanying medical reports to the employee at least ten days before the employee's benefits are terminated. The employee is then entitled to a hearing on the merits before an Administrative Law Judge and the full Workers' Compensation Board, judicial review, and retroactive payment of wrongfully terminated benefits as well as attorney's fees and statutory penalties. *See* Ga.Code Ann. §§ 34–9–104, 34–9–105, and 34–9–108.

We believe the Georgia system of pre-termination safeguards and full post-termi-

---

**3.** With respect to state action, the appellees argue that the decision of a private employer/insurer cannot fairly be characterized as state action. Although state law provides the employer/insurer with the option of terminating benefits without a hearing, the state does not participate or exert influence in the private parties' decision-making and thus there is no state action. In contrast, Long asserts that private employers/insurers and the Board are so intertwined as joint participants in the workers' compensation system that all actions taken are "state actions."

nation remedies satisfactorily comports with the dictates of due process. Only once has the Supreme Court ever held that procedural due process required an evidentiary hearing prior to the deprivation of statutorily-created benefits. In *Goldberg v. Kelly*, 397 U.S. 254, 266–71, 90 S.Ct. 1011, 1019–22, 25 L.Ed.2d 287 (1970), the Court held that welfare payments may not be terminated without first affording the claimant a hearing. However, in *Mathews*, the Supreme Court decline to extend *Goldberg* to Social Security disability benefit claimants. The Court distinguished *Goldberg* as having been based on welfare recipients' extreme financial need and held that since eligibility for disability benefits is not based on need and since the beneficiaries might have other means of subsistence, the claimants were not entitled to a pre-termination hearing. *Mathews*, 424 U.S. at 340–341, 96 S.Ct. at 905–906. On this ground, this case is indistinguishable from *Mathews*. As with Social Security disability benefits, a person's eligibility for workers' compensation benefits is based on a factor other than financial need. Additionally, injured workers may have other resources to sustain them during the post-termination period or may qualify for public or private assistance. For these reasons, due process does not entitle a workers' compensation claimant like Long to a pre-termination hearing on his claim so long as the termination procedures used are sufficiently reliable.

We believe that under the standards set forth in *Mathews*, the Georgia workers' compensation system utilizes sufficiently reliable termination procedures. According to *Mathews*, determining whether the dictates of due process are satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335, 96 S.Ct. at 903. Here, as in *Mathews*, a workers' compensa-

tion claimant is entitled to full retroactive relief if he ultimately prevails at the post-termination proceedings. While we do not diminish an employee's interests in the timely receipt of the benefits to which he is entitled, we do recognize that the availability of full remedies lessens the potential harm to the individual employee. Moreover, under the Georgia system, several pre-termination safeguards protect against the possibility of erroneous benefit terminations. These safeguards include requiring the employer or insurer to notify the Board and provide supporting medical reports when an employee's benefits are to be terminated and to apprise the employee of the intended termination at least ten days in advance. Additionally, employers and insurers are subject to statutory penalties for wrongful terminations of employees' benefits. In view of these protections and the post-deprivation remedies available, we cannot agree that more process is constitutionally required. For these reasons, we find that Long has alleged no procedural due process violation.

### III. CONCLUSION

For all of the above reasons, we AFFIRM the district court's dismissal of Long's due process claim.