**Pamela Abbett NICHOLSON, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–1724.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2003.

Pamela Abbett Nicholson, pro se, Center Line, MI, for Plaintiff–Appellant.

Karen Sayon, Office of the General Counsel, Social Security Administration, Chicago, IL, for Defendant–Appellee.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

### ORDER

Pamela Abbett Nicholson, a *pro se* Michigan resident, appeals a district court judgment denying her request for a temporary restraining order and dismissing her case for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nicholson sued the Commissioner of Social Security regarding the suspension of her supplemental security income benefits prior to a final decision by the Commissioner. Upon *de novo* review of two magistrate judge's reports, the district court denied Nicholson a temporary restraining order and dismissed the complaint for lack of jurisdiction as the Commissioner had not issued a final decision regarding Nicholson's benefits.

In her timely appeal, Nicholson argues that the Commissioner's suspension violates her due process rights and that the administrative process is misleading. She has moved for the appointment of counsel.

The district court's judgment is reviewed *de novo*. *See Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000).

The district court's jurisdiction to review the denial of social security benefits is provided for under 42 U.S.C. § 405(g). *See Willis v. Sullivan,* 931 F.2d 390, 396 (6th Cir.1991). In order to obtain judicial review, an initial determination must be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. *See* 20 C.F.R. §§ 404.909, 404.920. After reconsideration, a hearing before an administrative law judge (ALJ) may be requested. *See* 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision is made, the claimant may then file an action for review of the Commissioner's decision before the appropriate federal district court. *See Willis,* 931 F.2d at 396.

The record before the court indicates that Nicholson is awaiting an administrative hearing before an ALJ. As an ALJ has yet to issue a decision and as further review has yet to be sought before the Appeals Council, Nicholson's complaint is premature. Therefore, the district court did not err in dismissing Nicholson's complaint for lack of jurisdiction.

Nicholson contends that the Commissioner's suspension of her benefits prior to a hearing violates the Supreme Court's decision in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In *Goldberg,* the Supreme Court held that welfare benefits may not be terminated without first affording the claimant a hearing. *Id.* at 266–71, 90 S.Ct. 1011. However, in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court declined to extend *Goldberg* to claimants of social security disability benefits. The Court distinguished *Goldberg* as having been based on a welfare recipient's extreme financial

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

need and held that since eligibility for disability benefits is not based on need and since the beneficiaries might have other means of subsistence, the claimants are not entitled to a pre-determination hearing. *Id.* at 340–41, 96 S.Ct. 893; *Cryder v. Oxendine*, 24 F.3d 175, 178 (11th Cir.1994). Therefore, contrary to Nicholson's arguments, her due process rights were not violated as the Commissioner may suspend her supplemental security income benefits prior to her hearing.

Accordingly, we deny the request for counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.