**Robert T. BREWER, Plaintiff,**

v.

**TRANSUNION, L.L.C.;
et al., Defendants.**

**No. CIV.A. 05–0493–KD–B.**

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 19, 2006.

Kenneth J. Riemer, Mobile, AL, James Donnie Patterson, Fairhope, AL, for Plaintiff.

Jeffrey Uhlman Beaverstock, Bowron, Latta & Wasden, PC, E. Luckett Robinson, II, Hand Arendall, L.L.C., James C. Johnston, Johnston Druhan, LLP, Mobile, AL, Marc F. Kirkland, Strasburger & Price LLP, Frisco, TX, Guerino John Cento, Kilpatrick, Stockton LLP, Brian Stephen Spitler, Jones Day, Atlanta, GA, Anna Kelly Brennan, Balch & Bingham, Christopher Dale Cobb, Laura C. Nettles, Lloyd, Gray & Whitehead, P.C., James Bentley Owens, III, Starnes & Atchison, LLP, Jon Howard Patterson, Burr & Forman, Blake D. Andrews, Birmingham, AL, Griffin Lane Knight, Balch & Bingham, Montgomery, AL, for Defendants.

### ORDER

DUBOSE, District Judge.

This matter is before the Court on defendant Southern New England Telephone Company's ("SNET") motion to dismiss plaintiff's Third Amended Complaint and brief in support (Docs. 112, 113) filed June 6, 2006; plaintiff's response in opposition thereto (Doc. 118) filed June 20, 2006, and defendant's reply brief (Doc. 119) filed June 29, 2006. This motion has been fully briefed and is now ripe for the Court's consideration.

### I. *Background*

Plaintiff has brought claims against eight defendants alleging violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.*, as well as state law claims alleging negligence, wantonness, invasion of privacy and defamation arising from a series of events involving credit allegedly fraudulently obtained in plaintiff's name and other credit reporting issues. (Doc. 82 at ¶¶ 68–78) Specifically, plaintiff's claims against SNET involve telephone services allegedly provided by SNET in Connecticut to a person or persons using the name "Robert Brewer" that plaintiff contends were not his charges. (*Id.*)

### II. *Standard for Motion to Dismiss*

In resolving motions to dismiss, ambiguities are construed in the light most favorable to the nonmoving party. *Tribe of Indians of Fla. v. So. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir.2002). A complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir.2004) (citing *Cryder v. Oxendine*, 24 F.3d 175, 176 (11th Cir.1994) (internal quotations omitted)). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002), *cert denied*, 540 U.S. 872, 124 S.Ct. 205, 157 L.Ed.2d 132 (2003)

### III. *Analysis*

SNET moves the Court to dismiss the complaint on the grounds that this court

1348

lacks personal jurisdiction over it. (Doc. 113 at 3) In response, plaintiff maintains that this Court has jurisdiction based upon the alleged specific acts by defendant which give rise to this action. (Doc. 118) Those acts are, with one limited exception, the same acts central to plaintiff's claims against this defendant.

Personal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim. *Madara v. Hall,* 916 F.2d 1510, 1516, n. 7 (11th Cir.1990). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1292 (11th Cir.2000), *cert. denied,* 534 U.S. 827, 122 S.Ct. 68, 151 L.Ed.2d 34 (2001). The United States Supreme Court has described the Due Process Clause, in pertinent part, as follows:

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the

defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). Specific contacts may be found "[w]hen a controversy is related to or arises out of a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quotations and citation omitted).

In *Madara,* the Court of Appeals for the Eleventh Circuit set out the principles which guide this Court's review of a motion to dismiss based on lack of personal jurisdiction:

When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Finally where the plaintiff's complaint and the defendant's affidavit conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

916 F.2d at 1514 (citations omitted); *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed.Cir.2003)

The determination of whether a nonresident defendant is subject to personal jurisdiction is guided by a two-pronged analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). First,

the Court must look to the applicable state's long-arm statute. *Id.* If there exists a basis for personal jurisdiction, the next query is whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Personal jurisdiction is proper only if both prongs are satisfied.

### *Alabama's Long Arm Statute* [1]

"A state has jurisdiction over a person or corporation so long as its 'long-arm statute' reaches the person or corporation and the state's jurisdiction comports with the requirements of due process." *Ex parte Bufkin,* 936 So.2d 1042 (Ala.2006), quoting *Leithead v. Banyan Corp.,* 926 So.2d 1025, 1029–30 (Ala.2005). Thus, Alabama's long-arm rule extends the personal jurisdiction of Alabama courts to the limits of due process permissible under the Fourteenth Amendment to the United States Constitution and Art. I, § 13, Constitution of Alabama of 1901. *See Ex parte Alloy Wheels Int'l,* 882 So.2d 819, 822 (Ala.2003); *Olivier v. Merritt Dredging, Inc.,* 979 F.2d 827, 830 (11th Cir.1992) (finding personal jurisdiction on petition for writ of garnishment in maritime action; Alabama long-arm jurisdiction extends to limits of due process). Thus, the question before this Court is whether the exercise of specific personal jurisdiction over the defendant,

SNET, comports with constitutional due process. *Id.*

### *Due Process Requirement*

■ In *Madara,* the Eleventh Circuit also described the due process requirement as a two-pronged determination. 916 F.2d at 1515–16. First, the court must consider whether the defendant has established "minimum contacts" with the state. Second, the court must determine "whether the exercised of personal jurisdiction [over the defendant] would offend 'traditional notions of fair play and substantial justice.'" *Id.* at 1516. Both prongs must be satisfied in order for personal jurisdiction to attach.

■ Plaintiff alleges in his Third Amended Complaint that the defendant Credit Report Agencies ("CRAs") reported an alleged delinquent debt to SNET for telephone service at an address in Connecticut, that he never lived in Connecticut and never was indebted to SNET, that the false information was reported by SNET, that plaintiff transmitted several disputes to each of the CRAs, and that the defendants nonetheless continued to report false and derogatory information. (Doc. 82 at ¶¶ 68–78) In response to defendant's motion, plaintiff provides copies of correspondence challenging the information concerning the SNET account, including both challenges to the CRAs and correspondence directly to SNET. (Doc. 118, Exhibits A–N) That correspondence indicated that plaintiff was being damaged by defendant's false information in Alabama and requested correction. (*Id.*) Contrary to defendant's argument that plaintiff has no evidence that defendant received notice

---

**1.** Rule 4.2, Ala. R. Civ. P., Alabama's long-arm rule, provides:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . .

from the CRAs, the notice to the CRAs and their statutory duty to contact SNET as part of its investigation of those challenges is sufficient to create an issue of fact that SNET received such notice of plaintiff's challenge. The letters were clear that they concerned an *Alabama* resident and that the harm was suffered in the *State of Alabama.*

In *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the United States Supreme Court held that California could exercise personal jurisdiction over authors of a libelous article, published in *The National Enquirer,* on the basis of specific contacts with the state because they allegedly knew that their article would impact the plaintiff in California. The so-called 'effects test' adopted by the court provides that intentional and allegedly tortious actions which the actor knows will be felt in another state are sufficient to justify the exercise of personal jurisdiction in an action arising out of those acts. *Id.* at 789–90, 104 S.Ct. 1482.

In *Rivera v. Bank One,* 145 F.R.D. 614 (D.Puerto Rico, 1993), the district court, in applying the "effects test", held that it had jurisdiction over an out-of-state bank on claims arising from allegedly false credit reports made by the bank. As here, the evidence included letters notifying the bank of the fact that he had not taken out the credit card at issue and evidence that the false reports were causing harm to him in Puerto Rico. *Id.* at 622–23. The court noted that the bank's actions in making the credit reports was not "mere 'untargeted negligence,'" *id.* (*quoting Calder*), but rather was used as a tool to gain compliance of payment terms from its customer.

Likewise, in the present case, SNET's alleged actions in not correcting the plaintiff's credit report would be an intentional act for the business purpose of attempting to collect from a person whom it allegedly knew was a resident of Alabama at the time of the collection efforts. If those attempts are found to be tortious, the damages are clearly suffered in Alabama.

In *Harris v. Equifax Credit Information Services, Inc.,* 2002 WL 32770554 (D.Or., May 21, 2002) (unpublished), the district court also found the exercise of personal jurisdiction proper against an out-of-state credit collection agency, Financial Management Services, Inc., as a result of its failure to correct allegedly inaccurate information in plaintiff's records with credit reporting agencies. Plaintiff had sent correspondence to Financial and to the CRAs and had instituted a challenge to the information through the CRAs. The court found that plaintiff had established that "Financial knew that its conduct was damaging to an Oregon resident, and persisted in that conduct despite that knowledge... Even if Financial's initial object was an Arizona debtor, plaintiff has made a showing that Financial was adequately informed of the impact of its action on an Oregon resident in Oregon to render its continued propagation of misinformation and failure to take corrective steps conduct that was purposefully directed at this state." *Id.* at *4.

In support of its motion, defendant offers the affidavit of its Vice President of Network Services, Jeannie L. Houghton. That affidavit generally claims that "SNET does not have, and at all times relevant to the allegations of Plaintiff's complaints did not have, any contacts or relationship with the Plaintiff within the state of Alabama" and "Alabama was not, and is not, the focal point of any alleged actions or activity by SNET in this matter." (Doc. 112, Exhibit 1) Those two general statements, however, are insufficient, at this stage of the litigation, to rebut the somewhat-more specific allegations of

plaintiff's complaint and the evidence offered in support. Specifically, the affidavit does not rebut plaintiff's claim of notice to defendant that its actions were causing damage to plaintiff in Alabama. Finally, plaintiff has alleged that the defamatory statements continued to be published unaltered.

The Court finds that the evidence establishes that defendant SNET's had the necessary minimum contacts with the State of Alabama such that it should reasonably anticipate being haled into court here and that to subject defendant to the jurisdiction of an Alabama court would not offend traditional notions of due process.

## IV. *Conclusion*

Based on the foregoing, SNET's motion to dismiss on the grounds that the Court is without personal jurisdiction is **DENIED.**