[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10678
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-02210-RBP-HGD


DAVID LEON WILLIAMS,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY, ALABAMA,
a municipal corporation,

Defendant,

ANNE-MARIE ADAMS,
in her individual and official capacity
as Circuit Court Clerk of Jefferson
County, Alabama,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 23, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

David Leon Williams appeals pro se the district court's dismissal with prejudice of his civil rights action against Jefferson County Circuit Clerk Anne-Marie Adams alleging violations of his due process and equal protection rights, pursuant to 42 U.S.C. § 1983. Williams was assessed a 30% recovery fee following his failure to pay court ordered fines and restitution. On November 12, 2009, Williams entered into an agreement with the state of Alabama in which he agreed that he owed the 30% recovery fee ("the Agreement"). Williams argues on appeal that Adams violated his due process and equal protection rights by assessing this fee without waiting for a hearing to determine his indigent status or a court order to determine that he, in fact, owed the recovery fee. After thorough review, we affirm.

We review de novo a district court's order of dismissal under Rule 12(b)(6) for failure to state a claim. Arthur v. King, 500 F.3d 1335, 1339 (11th Cir. 2007). Pleadings filed by a pro se litigant are construed liberally. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face'" in order to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, we accept as true all factual allegations contained in the complaint. Id. Nevertheless, we are "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quotation omitted). In general, a district court may not consider materials outside of the complaint without converting a motion to dismiss into one for summary judgment and giving the parties ten days' notice pursuant to Federal Rule of Civil Procedure 56(c). SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Herron v. Beck, 693 F.2d 125, 126-27 (11th Cir. 1982). A district court may, however, consider a document attached to the motion to dismiss without converting the motion if the attached document is central to the plaintiff's claim and the plaintiff does not dispute the authenticity of the document. SFM Holdings, Ltd., 600 F.3d at 1337.

Section 1983 of Title 42 of the United States Code provides civil liability for any person who, while acting under color of state law, deprives a citizen or other person within the jurisdiction of the United States of any federal right, privilege, or immunity. 42 U.S.C. § 1983. Section 1983, however, is not a source of substantive federal rights. Almand v. DeKalb County, Georgia, 103 F.3d 1510, 1512 (11th Cir.

3

1997).  Liability under § 1983 "is appropriate solely for violations of federally protected rights."  Id. at 1513.

The Fourteenth Amendment to the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest."  Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).  To establish an equal protection violation, a plaintiff must show that the state treated him disparately from other similarly situated persons and that the disparate treatment burdens a fundamental right or is based on membership in a suspect class.  DeYoung v. Owens, 646 F.3d 1319, 1327 (11th Cir. 2011); see also Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001).

In this case, the district court considered the Agreement between Williams and the state of Alabama in ruling on Adams's motion to dismiss.  Williams did not mention the Agreement in his complaint, but Adams attached it to the motion to dismiss.  The Agreement appears to be central to Williams's claim that his constitutional rights were violated.  Moreover, while Williams argues that the Agreement is invalid, he does not dispute the authenticity of the document.

4

Therefore, the district court did not have to convert Adams's motion to dismiss into a motion for summary judgment. SFM Holdings, Ltd., 600 F.3d at 1337.

Turning to the merits, Williams alleges that Adams violated his due process rights by assessing a 30% recovery fee after he failed to pay court ordered fines and restitution. However, the 30% recovery fee appears to have been assessed when Williams entered into the Agreement with the state of Alabama, and not by any action that Adams took. Even assuming, then, that Williams was deprived of his due process rights, he has not alleged facts showing that Adams deprived him of those rights.

Williams further alleges that Adams violated his equal protection rights by assessing a 30% recovery fee without first conducting a hearing on his indigent status. Yet this allegation does not amount to a claim that Adams violated Williams's equal protection rights for two reasons. First, per the Agreement between Williams and the state of Alabama, Adams did not impose the recovery fee. Second, Williams has not alleged that he received disparate treatment from similarly situated individuals, and he has not shown that any such treatment implicated a fundamental right or was based on his membership of a suspect class. DeYoung, 646 F.3d at 1327.

Because Williams has not pleaded facts indicating that Adams violated his rights to due process or equal protection, we affirm.[1]

 **AFFIRMED.**

---

[1] Moreover, because Williams does not mention the state due process and equal protection claims on appeal, he has abandoned them. See Fed. Sav. & Loan Ins. Corp. v. Haralson, 813 F.2d 370, 373 n.3 (11th Cir. 1987) (holding that although "[b]riefs are read liberally to ascertain the issues on appeal[,] . . . issues that clearly are not designated in the appellant's brief normally are deemed abandoned." (citation omitted)).