[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15129
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00037-WLS

JOSEPH HOWARD, III,
ANNIE HOWARD,
WENDELL WILLIAMS,

Plaintiffs-Appellants,

versus

COUNTRY CLUB ESTATES HOMEOWNERS
ASSOCIATION, INC., et al.,

Defendants,

CITY OF ALBANY, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 6, 2012)

Before BARKETT, PRYOR, and COX, Circuit Judges.

PER CURIAM:

Joseph Howard, III, Annie Howard, and Wendell Williams (the "Plaintiffs") filed this 42 U.S.C. § 1983 action after the City of Albany, Georgia (the "City") rezoned property owned by Joseph Howard, III.  According to the Plaintiffs, this rezoning made it impossible for them to complete a planned development project on the property.  The complaint asserts four counts against the City and other Defendants who are not parties to this appeal.  Count One alleges that the Defendants violated Plaintiffs' substantive due process rights.  Count Two alleges a procedural due process violation.  Count Three claims that a municipal policy violated the Plaintiffs' due process rights and Count Four claims that the Defendants conspired to violate the Plaintiffs' due process rights.

The parties filed cross-motions for summary judgment.  The district court granted the City's motion for summary judgment, denied the Plaintiffs' motion, and entered judgment in favor of the Defendants.  Plaintiffs appeal.

As we construe the Plaintiffs' brief, it presents four issues: (1) whether the district court erred by concluding that the Plaintiffs did not assert a ripe takings claim under the Fifth Amendment; (2) whether the district court erred by deciding that the Plaintiffs failed to put forth evidence to support a regulatory takings claim; (3) whether the district court erred by finding that the City never issued the Plaintiffs a

2

building permit for the development project; and (4) whether the Plaintiffs had a vested right to develop the property protected by the due process clause.

We note at the outset that the Plaintiffs have waived any challenge to the district court's entry of summary judgment on Counts One, Three, and Four of the complaint. The Plaintiffs' brief makes passing reference to the district court's entry of summary judgment in favor of the Defendants on the Plaintiffs' substantive due process claim. This reference appears in the Plaintiffs' argument regarding regulatory takings and the brief does not develop any arguments regarding the substantive due process claim. Therefore, any challenge to the entry of summary judgment on the substantive due process claim has been waived. *See Farrow v. West*, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003) (citations omitted). Similarly, Plaintiffs do not make any argument regarding their claim of conspiracy or their claim that there was an unconstitutional municipal policy. (*See* Appellants' Br. at 1-2.) So these arguments are also waived. *Farrow*, 320 F.3d at 1242 n.10.

The district court also properly rejected the Plaintiffs' Fifth Amendment takings claim. We doubt whether any takings claim was properly alleged, but in any event, a takings claim was not ripe for the reasons stated in the district court's opinion. (*See* Dkt. 93 at 7, 8 & 9.)

3

The Plaintiffs' brief also argues that they had a vested right to develop the property because the City had issued a construction permit for the development.[1] However, the Plaintiffs have failed to cite to any portion of the record to show that they held a construction or building permit for the development. Therefore, we find no error in the district court's finding that the City never issued the Plaintiffs a building permit. Furthermore, a procedural due process claim under § 1983 requires an allegation and proof of constitutionally inadequate process. *See Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Thus, even if the Plaintiffs had a vested property interested protected by Georgia law, their claim fails because they did not show that they received inadequate process. The district court did not err by entering summary judgment on this claim.

Finding no error in the district court's entry of summary judgment in this case, we affirm.

AFFIRMED.

---

[1] To the extent the Plaintiffs seek to use Georgia's vested rights doctrine as a basis for injunctive relief independent from their § 1983 claims, they failed to assert this claim in their complaint. Therefore, we will not consider the doctrine as an independent basis for relief.